FOWLER v. MARTIN, appellant.

*Breach of promise of marriage — evidence of promise — variance — destruction of letters.*

In an action to recover damages for a breach of a promise to marry, the evidence of the promise was conflicting — the plaintiff asserting it, and the defendant denying it. Some of defendant's letters to plaintiff tended to sustain defendant's denial. It appeared that defendant visited plaintiff for the period of five years, usually once a week, and sometimes oftener, remaining with her alone, as late as 12 or 1 o'clock at night; that defendant sometimes expressed jealousy if plaintiff received attentions from other men, and defendant admitted that he treated plaintiff "as an honorable man treats a woman whom he intends to marry." *Held,* that the evidence was sufficient to sustain a verdict for the plaintiff.

In an action for a breach of promise of marriage, the complaint laid the time of the making of the promise on the 15th day of March, 1869, and at divers times prior to that date in the year 1868 and 1869. Evidence was admitted of a promise in 1866. *Held,* that the variance was not material, it not appearing that defendant was misled by it to his prejudice.

In an action for a breach of promise of marriage, it appeared that plaintiff had destroyed certain letters, and defendant asked the court to charge the jury that the inference from the destruction of the letters was an intent to destroy evidence, and was a strong circumstance against the truth of her testimony. The court refused so to charge. *Held,* no error. The destruc-

tion of the letters raised no presumption against the plaintiff in the absence of any thing showing that she destroyed letters containing evidence against her, or at least letters required by defendant to be produced upon the trial.

ACTION for breach of promise of marriage. At the trial the jury rendered a verdict in favor of the plaintiff for $4,000. The material facts are stated in the opinion.

*D. M. Dewitt,* for plaintiff.

*T. R. Westbrook,* for defendant.

PARKER, J. This action was brought to recover damages for a breach of promise of marriage. It was tried at the Ulster circuit in January, 1872, and resulted in a verdict for the plaintiff. Exceptions were taken upon the trial, which were ordered to be heard, in the first instance, at the general term, but judgment was permitted to be entered to stand as security merely. A motion was made for a new trial upon the minutes of the court which was denied, and, from the order denying a new trial, the defendant has appealed.

It is urged by the defendant, in the first place, that the verdict should be set aside, and a new trial granted, on the ground that the verdict is against the evidence — defendant insisting that there is no sufficient evidence of the promise to marry to sustain the verdict.

Upon the question of a promise the parties are at variance, the plaintiff positively asserting it, and the defendant as positively denying it. Although a comparison of the letters of the parties put in evidence, with some of the details of the plaintiff's testimony, seems contradictory thereof, yet, upon a careful reading of the whole evidence in the case, I am satisfied that there is enough to sustain the finding of the jury that there was a promise of marriage between the parties. There is no denial that the defendant visited the plaintiff from 1864 to 1869, generally once a week, on Sunday evenings, and sometimes oftener, remaining with her alone, in the parlor of her father's house, as late as twelve or one o'clock at night; that during this long course of intimacy he knew that he had gained her affections; that he sometimes expressed his jealousy if she received attentions from other men, thus claiming the right to exclude them from her society; and he admits that he treated her as an honorable man treats a woman whom he intends to marry. She says they were engaged to be married. It is urged that the letters contradict

this so completely as wholly to discredit her evidence upon the question. Portions of the letters may be arrayed against the truth of some of the plaintiff's statements, yet, upon the question of a promise, they are by no means conclusive against her, nor against the fair inference from his conduct. Witness her letter of December 14, 1868, in which she expresses her grief and indignation at his conduct, and tells him she hopes he has not forgotten his promise, and demands an answer in plain words as to what he intends to do; and his answer on the next day, in which, so far from denying that he had made any promise, or her allegations of cause of complaint against him, he expresses great regret and distress at its existence.

The circumstances of the intimacy between the parties are much more consistent with the allegations that there was a promise of marriage than with the reverse, and the jury might well take her statement as true, rather than his. In regard to engagements of this kind it is said by Professor Parsons: "A requirement of precise and direct testimony would facilitate fraud more, perhaps, than in any other class of contracts, and fraud that might work extreme mischief. It has, therefore, been wisely decided that the contract may be inferred from the conduct of the parties, and from the circumstances which usually attend an engagement to marry." 2 Pars. on Cont. 62. The case at bar well illustrates the reason here assigned for dispensing with precise and direct evidence of a promise, and inferring it from the circumstances referred to.

The defendant's persistent treatment of the plaintiff "in the way an honorable man treats a woman whom he intends to marry," as he admits he treated her, should be held very strongly against him, as, if he is, after all this, permitted to gainsay the language of his acts, it operates as a grievous fraud upon the object of such treatment. There can be no doubt that the circumstances attending the intimacy of the parties, the letters included, were amply sufficient to warrant the jury in believing that there was a marriage engagement between them. There is no good reason therefore for setting aside the verdict as against evidence.

The objection to evidence of, a promise of marriage made in the year 1866 was properly overruled. Although the complaint lays the time of the making of the promise on the 15th day of March, 1869, and at divers times prior to that date in the years 1868 and 1869, still the variance is not such as can be deemed material, as it

does not appear that defendant was misled by it to his prejudice. Code, § 169.

A reason alleged by defendant for his not marrying the plaintiff was the opposition of his mother and sister. Upon the trial one of plaintiff's witnesses was asked if he ever heard any discourse between defendant and his mother, or heard her say any thing in regard to his keeping company with the plaintiff. The witness answered: "Well, I have heard her say that she wished he would get married, and fetch some one there to help her, as she was getting very old, and thought it was time she had relief; that she thought he had been going there long enough, and she wished he would get married." Q. "About when was this?" A. "About 1868; I have heard it spoken of often of course, but this particular time I speak of was in 1868." Q. "Did you say you had often heard her mention that thing?" A. "Yes, sir." At this point defendant's counsel raised the following objection: "Objection interposed to any thing said in the absence of the defendant," and the subject was not pursued any farther. It is insisted by defendant's counsel that here is error calling for a new trial.

Although it would have been clearly improper to have allowed the witness to speak of what defendant's mother said in his absence, in the face of the objection, nothing of the kind was done. There had been no objection interposed to any thing that the witness had testified to, and when the objection was made, it was acquiesced in, and no testimony called out in opposition to it. The objection made did not call upon the court to strike out any evidence already given, a motion was necessary to effect that object. So that here was no ruling of the court — nothing to except to, and no exception, even under the understanding that exceptions should be deemed to be taken whenever an objection was overruled.

A point is made by the defendant and strenuously insisted upon that the court erred in its charge and refusals to charge in reference to plaintiff's destruction of certain letters.

A correspondence running over a period of several years had passed between them. She swears that he surreptitiously got possession of his letters written to her, and left at her father's house those written by her to him, while defendant swears that the exchange was voluntarily made.

While defendant was being examined by his counsel as a witness, he spoke of a letter she had written him in 1865, which he

answered, and said it was given up to her when they exchanged letters. Plaintiff's counsel was asked to produce it, but it was not produced. Defendant then went on to give the contents, as follows : " She said, inasmuch as we have been keeping company some time, it was time we knew one another's intentions, something to that effect." Defendant's answer to it was read to the effect that he was not inclined to make an engagement of matrimony with any one.

There was no contradiction of defendant's evidence as to the contents of her letter, and no question made as to its correctness. No other letter of hers was called for by defendant's counsel. In the course of defendant's cross-examination, he was asked if plaintiff wrote him *loving* letters, and the answer was, " sometimes she did." Plaintiff's counsel then remarked : " Every letter we have got is here, all the rest of them she destroyed."

This is all there is in the case showing that she destroyed any letters. What letters plaintiff had then, and what had been destroyed, does not appear.

The court charged the jury, as follows : " There is another circumstance insisted upon that it is proper for the jury to consider, and that is as to the effect of burning those letters. * * * If you believe the young lady got possession of the letters in the manner testified to by the defendant, and committed them to the flames for the purpose of suppressing evidence, or any unlawful purpose, it is a circumstance against her and against the case, which the jury are to take into account in determining this controversy."

The defendant's counsel then requested the court to charge the jury that no inference could be drawn from the destruction of the letters, but the intent to destroy evidence. Also that such destruction of the letters is a very strong circumstance against the truth of her story, and if there is any question between the parties as to the contents, the inference of law is against the truth of the story of the plaintiff. The court refused to charge as requested, but charged " that the destruction of the letters is a circumstance of importance to be considered by the jury as bearing upon the evidence of the plaintiff, and you are to determine from the evidence what the motive was which led to the destruction of those letters, and apply the evidence accordingly." Defendant excepted to the refusal to charge as requested and to the charge as made.

I do not think the case is one involving any question for the jury, arising from the destruction of the letters.

It does not appear that plaintiff destroyed any letters which were, or were deemed by defendant, of any importance in the controversy  The remark of her counsel, that *they had in court all the letters, except those which she had destroyed,* is no proof of any destruction, by her, of evidence which would have borne against her; nor are any letters destroyed by her shown to be important by their having been called for by defendent upon the trial.  If it is to be deemed that the one letter called for had been destroyed — which can scarcely be, for no such reason is given for not producing it — still, plaintiff has not disputed the contents of that letter, as given by defendant, so that no question arises, to be determined against her, from the presumption springing from her having destroyed evidence bearing upon it.  The contents of that letter stand, confessedly, as given by the defendant, and he cannot claim for them any thing stronger, because of its destruction.

In order to raise the question sought to be raised by defendant's counsel, it should have appeared that plaintiff destroyed letters of hers, containing evidence against her, or, at least, letters required by defendant to be produced upon the trial.

It is not necessary to discuss the question whether defendant would have been entitled to the instruction to the jury which he asked for, if the question were in the case.

As the case stands, his exceptions to the charge and refusals to charge upon this question are unavailing.

Other exceptions arose upon refusals to charge upon the subject of damages, as requested by defendant's counsel.

The court was asked by defendant's counsel to charge that the case was not one for exemplary damages, and in answer charged as follows: " On the contrary, I hold it is a question for the jury, what is just as damages between the parties."  A request was then made to charge that it was not a case for punitive damages; the court in reply said : I make the same charge, that the jury are to give what they regard as compensatory damages, in view of all the circumstances.

Defendant's counsel then asked the court to charge that " if the jury believe the promise of marriage was made, and defendant refused from a knowledge that his mother and sister opposed the marriage and would leave his family, and would thereby increase his pecuniary obligations by so doing, without impeachment of the

plaintiff's character, will not render the defendant liable for more than actual damages." This was declined, and defendant excepted.

I think the substance of the instruction to the jury upon all these requests was, that the damages to be given were such as the jury should regard as compensatory, in view of all the circumstances.

This, it seems to me, was, even under the last request, correct. I see no difference between *actual* and compensatory damages. Both exclude the idea of damages beyond what are commensurate with the injury to the plaintiff; and whatever the jury should find this amount to be, comes within the limit asked for by the defendant in each of his requests: and the instruction to the jury in answer to those requests, in neither case, goes farther than to cover such amount.

In considering the whole case, I see no reason for setting aside the verdict and granting a new trial.

The motion for a new trial must, therefore, be denied, and the order denying a new trial affirmed, with costs; and, as judgment upon the verdict has been entered, the judgment must stand affirmed.

J. POTTER and BOARDMAN, JJ., concurred.

*Judgment affirmed.*